```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA


ROSITA M. RODRIGUEZ                          CIVIL ACTION

VERSUS                                       NO. 06-7566

MARTIN INS. AGENCY, INC. ET AL.              SECTION "R"(3)
```

**ORDER AND REASONS**

Before the Court is defendant Martin Insurance Agency's motion for summary judgment. For the following reasons, the Court GRANTS defendant's motion.

**I. BACKGROUND**

Plaintiff Rosita Rodriguez sued Martin Insurance Agency, Inc. and ABC Insurance Company[1] in state court on August 31, 2006. On October 10, 2006, Martin removed the case to this court. Plaintiff alleges that her home suffered wind and water damage as a result of Hurricane Katrina. She further alleges that although she had requested that Martin, her insurance agency, procure $250,000 in flood coverage on her property located at 6662-6664 Pontchartrain Boulevard, New Orleans, Martin procured only $10,000 of flood insurance on the property. On

---

[1] On September 9, 2007, plaintiff amended her complaint to name Westport Insurance Corporation instead of ABC Insurance Company. In the amended complaint, plaintiff alleges that Westport provides liability and/or errors and omissions coverage to Martin.

January 23, 2008, defendant filed a motion for summary judgment, asserting that plaintiff's claims should be dismissed with prejudice because Martin did not breach a duty to procure.

**II. LEGAL STANDARD**

Summary judgment is appropriate when there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). A court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, "that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). The moving party bears the burden of establishing that there are no genuine issues of material fact.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325; *see also Lavespere*, 910 F.2d at 178. The burden then shifts to the nonmoving party, who must, by submitting or referring to

2

evidence, set out specific facts showing that a genuine issue exists. *See Celotex*, 477 U.S. at 324.  The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue exists for trial. *See id.* at 325; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1996).

**III. DISCUSSION**

It is well established under Louisiana law that a plaintiff may recover for his insurance agent's failure to procure requested insurance coverage.  The Louisiana Supreme Court has held: "An insurance agent who undertakes to procure insurance for another owes an obligation to his client to use reasonable diligence in attempting to place the insurance requested and to notify the client promptly if he has failed to obtain the requested insurance." *Karam v. St. Paul Fire & Marine Ins. Co.*, 281 So.2d 728, 730 (La. 1973).  An insurance agent is more than a "mere order taker" for the insured. *Offshore Prod. Contractors, Inc. v. Republic Underwriters Ins. Co.*, 910 F.2d 224, 230 (5th Cir. 1990) (quoting *Durham v. McFarland, Gay and Clay Inc.*, 527 So.2d 403, 405 (La. App. 1988)).  The Fifth Circuit has held:

> In order to recover for a loss arising out of the failure of an insurance agent to obtain insurance coverage, the plaintiff must prove: (1) an undertaking or agreement by the insurance agent to procure insurance; (2) failure of the agent to use reasonable diligence in attempting to place the insurance and failure to notify the client promptly

> if he has failed to obtain the insurance; and (3) actions by the agent warranting the client's assumption that the client was properly insured.

*Offshore Prod. Contractors*, 910 F.2d at 229-30.

The Court finds that Martin did not breach a duty to procure.  As plaintiff's insurance agent of record, Martin entered into an agreement with plaintiff to procure insurance coverage on her property located at 6662-6664 Pontchartrain Boulevard.  Nothing in the record suggests that the plaintiff ever sought to insure the property at issue in this case for more than $10,000.  The defendant's insurance agent, Wally Mazur, testified in his deposition that the plaintiff specifically requested flood insurance in the amount of $10,000. (*See* Def.'s Ex. A, R. Doc. 23-5, at 24:5-10.) ("She wanted a ... minimal amount – because she had said that [the property] was in a good area.  If it were to flood, it wouldn't flood that much.")  Plaintiff has not controverted defendant's testimony with any evidence that she requested that Martin procure more than $10,000 in flood coverage and never attests that she requested $250,000, as alleged in her petition.  Rather, the plaintiff's deposition testimony establishes that no specific request was ever made:

> Q. (Directed to Plaintiff) Did you ever have any discussions with Wally regarding how much you wanted to insure 6662-6664 Pontchartrain Boulevard for, what the limits should be?
> A. No.

(Def.'s Ex. B, R. Doc. 23-6, at 18:20-24.)  Plaintiff avers that

there is a genuine issue of material fact because Mr. Mazur testified that plaintiff requested $10,000 in flood coverage, which contradicts plaintiff's testimony that she never discussed with Mr. Mazur how much flood coverage she wanted on the property. However, plaintiff has pointed to no evidence that creates a genuine issue of fact regarding whether she asked Mr. Mazur to procure *more than* $10,000 in flood coverage.

Plaintiff alternatively suggests that defendant had a duty to advise her to procure greater flood insurance. Plaintiff contends that the insurance agent breached a duty owed to her "by securing only $10,000 of flood coverage on a property that he knew was worth in excess of $150,000.00." (Pl.'s Opp'n at 5.) There is no duty on an insurance agent "to spontaneously identify a client's needs and advise him as to whether he is underinsured or carries the right type of coverage." *Dobson v. Allstate Ins. Co.*, 2006 WL 2078423, at *10 (E.D. La. 2006). Although in some limited circumstances Louisiana courts have found that insurance agents owe a fiduciary duty to their insureds, *Taylor v. Sider*, 765 So. 2d 416, 419 (La. App. 2000), the Court finds that based on the facts of this case, plaintiff has not alleged circumstances that would require this Court to find that defendant had a duty to advise plaintiff regarding the amount of flood insurance to procure.

As plaintiff herself notes in her opposition to defendant's

motion for summary judgment, she operates a small real estate business, and has done so for about forty years. (Pl.'s Opp'n at 1.)  Plaintiff was not seeking a complex, unusual type of insurance requiring specialized knowledge and advice, rather she was procuring flood insurance on her rental properties. *Compare Graves v. State Farm Mutual Auto Insurance Company*, 821 So. 2d 769 (La. App. 2002) (holding that insurance agents had no duty to advise insureds to carry higher liability limits or purchase an umbrella policy), with *Offshore Prod. Contractors, Inc.* (as plaintiff's regular insurance broker, who was aware of a specific risk for which his client desired coverage, and who had worked for 30 years in the insurance industry specializing in insuring enterprises that service oil companies, defendant was liable to plaintiff for failure to obtain requested stand-by coverage).  In plaintiff's case, there is no evidence that Mr. Mazur or Martin held itself out as providing any services to plaintiff other than procurement of the insurance she requested.  If plaintiff thought that the property should have been insured for more than $10,000 in flood coverage, she could have asked her insurance agent to procure more than that amount.  Accordingly, the Court finds that defendant did not owe plaintiff a duty to advise, and did not breach a duty to procure.

**IV. CONCLUSION**

    For the forgoing reasons, the defendant's motion for summary judgment is GRANTED.

    New Orleans, Louisiana, this __2nd__ day of April, 2008.

*Sarah Vance*
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE